**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **3H202, LLC** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:20cv241-HSO-JCG** |
| | § | |
| | § | |
| **PHLIGHT PHARMA, LLC, *et al.*** | § | **DEFENDANTS** |

**ORDER OF DISMISSAL**

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. Having considered the record and relevant legal authority, the Court finds that Plaintiff 3H202, LLC ("Plaintiff") has not carried its burden of demonstrating that federal subject-matter jurisdiction exists over this dispute. This matter should be dismissed without prejudice for lack of subject-matter jurisdiction.

I. BACKGROUND

Plaintiff filed a Complaint [1] in this Court on July 17, 2020, naming as Defendants Phlight Pharma, LLC; Alvix Laboratories, LLC; Dempsey Levi, as Administrator of the Estate of Clark J. Levi, Deceased; and John Does 1-10. *See* Compl. [1] at 1. The Complaint asserted only state-law claims and attempted to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See id.* at 3-11.

Because it was unclear from the Complaint [1] whether the Court possessed subject-matter jurisdiction, the Magistrate Judge entered an Order [3] requiring

that, on or before August 7, 2020, Plaintiff file an amended complaint curing the pleading issues addressed in the Order [3]. In relevant part, the Magistrate Judge pointed out that the Complaint did not identify the citizenship of every member of the party limited liability companies ("LLCs"), and named "John Does 1-10" as Defendants without providing any facts to determine whether they are of diverse citizenship from Plaintiff. *See* Order [3] at 2-3.

Plaintiff has now filed an Amended Complaint [4] against the same Defendants, including John Does 1-10, again advancing only state-law claims and asserting that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). *See* Am. Compl. [4] at 1-11.[1] The Court must consider sua sponte whether Plaintiff has demonstrated the existence of federal subject-matter jurisdiction.

## II. DISCUSSION

### A. Relevant legal authority

Pursuant to 28 U.S.C. § 1332(a), district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute "require[s] complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89

[1] Plaintiff cites 28 U.S.C. §§ 1332(b) and (d)(11). *See* Am. Compl. [4] at 3. Section 1332(b) addresses the implications when a plaintiff files a complaint and is later adjudged to be entitled to recover less than the value or sum of $75,000.00, but this section does not confer original subject-matter jurisdiction. *See* 28 U.S.C. § 1332(b). Section 1332(d)(11) deals with the removability of "mass actions," but there is no indication that this case is a "mass action," nor was the case removed to this Court. *See* 28 U.S.C. § 1332(d)(11).

(2005).

"For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quotation omitted). A plaintiff's "[f]ailure adequately to allege the basis for diversity jurisdiction mandates dismissal." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

An LLC's citizenship is determined by the citizenship of all of its members, such that "a party must specifically allege the citizenship of every member of every LLC." *Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 n.1 (5th Cir. 2020) (quotation omitted). For the citizenship of the administrator of an estate, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." 28 U.S.C. § 1332(c)(2).

Under 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). However, when a case is originally filed in federal court, § 1441(b) does not apply. *See id.* Instead, where a complaint originally filed in federal court based upon diversity jurisdiction names fictitious defendants, it must allege facts indicating whether such defendants are of diverse citizenship. *See Richard v. Doe*, 638 F. App'x 409, 410 (5th Cir. 2016).

B. Analysis

As the party invoking the Court's diversity jurisdiction, Plaintiff bears the burden of proving that complete diversity of citizenship exists. *See Stafford*, 945 F.2d at 804. However, it is unclear from the record whether there is complete diversity of citizenship among the parties.

Despite being given an opportunity to amend its Complaint, Plaintiff has not omitted the fictitious John Does 1-10 as Defendants in the Amended Complaint, nor has Plaintiff alleged facts which indicate that the John Does are of diverse citizenship. *But see* Order [3] at 3 ("Plaintiff is to file an amended complaint that either omits John Does as defendants or alleges facts to indicate that the Does have diverse citizenship."). The Amended Complaint contains no additional allegations with respect to the John Does. *Compare* Compl. [1] at 2, *with* Am. Compl. [4] at 2-3. For this reason alone, Plaintiff has not carried its burden of demonstrating that the Court has subject-matter jurisdiction over this civil action.[2]

III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the above-captioned case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter

[2] The Amended Complaint alleges the citizenship of "Dempsey Levi, as administrator of the Estate of Clark J. Levi, Deceased ('Levi')." Am. Compl. [4] at 2. Levi is both a Defendant and the sole member of the Defendant LLCs, but it is not entirely clear whether the Amended Complaint is alleging the citizenship of Dempsey Levi individually or that of the decedent. The Amended Complaint refers to "Levi" being a citizen of the State of Mississippi, but it is not clear whether "Levi" refers to the administrator Dempsey Levi or the decedent Clark J. Levi. *See id*. It is only Clark J. Levi's citizenship that matters for diversity purposes, as the legal representative of the estate of a decedent is deemed to be a citizen only of the same state as the decedent. *See* 28 U.S.C. § 1332(c)(2).

jurisdiction. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE